In Ex parte Pittman, 157 Tex.Cr.R. 301, 248 S.W.2d 159, 161, we said:

"A suspended sentence may be set aside and sentence imposed only upon a subsequent conviction for a felony or any of the offenses enumerated in Arts. 777 and 778, C.C.P.

"There being no evidence that relator had been subsequently convicted of any of the offenses there named, the right to revoke the suspended sentence is not here shown * * *.

*    *    *    *    *    *

"From what has been said, the conclusions reached are, viz.: (a) The trial court suspended relator's sentence under the suspended sentence law. (b) Relator has not been subsequently convicted of any offense that would authorize the suspended sentence to be revoked. (c) The sentence imposed after the attempted revocation was without authority in law, and is void."

It is further noted that the two year suspended sentence had expired long prior to 1954, and could not for that reason be set aside or held for naught. See Clare v. State, 122 Tex.Cr.R. 211, 54 S.W.2d 127; Ex parte Davis, 158 Tex.Cr.R. 50, 253 S.W. 2d 664.

There are other most interesting and novel questions presented, but in view of what has been said, these need not be considered.

The order of August 27, 1954, declaring the suspended sentence provision of the 1936 judgment to be void and the sentence ordering that appellant be confined in the penitentiary are reversed and set aside.

 My brethren have reached the conclusion that we should further direct that the judgment overruling appellant's motion for new trial and dismissal, filed under the provisions of Art. 780 C.C.P., should also be reversed, and the trial court directed to grant such motion. It is so ordered.

**Ephraim JOSEPH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 27377.**

Court of Criminal Appeals of Texas.

Jan. 26, 1955.

No attorney on appeal.

Wesley Dice, State's Atty., Austin, for the State.

688

PER CURIAM.

The possession of wine for the purpose of sale in a dry area is the offense; the punishment, a fine of $250.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular, and nothing is presented for review.

The judgment is affirmed.